# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JESSE RANDOLPH JONES                                                                                    PLAINTIFF

v.                                                4:17cv00021-BRW-JJV

RANDY MURRY, Jail Administrator,
Van Buren County Detention Center; *et al.*                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Jesse Randolph Jones ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.)  He alleges Defendants Randy Murry[1] and Tracy Sutterfield, officials at the Van Buren County Detention Center, denied medical treatment for injuries sustained at the time of his arrest.  (*Id*. at 4.)  He seeks monetary damages.  (*Id*. at 5.)  Defendants have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims.  (Doc. No. 38.)  Plaintiff has not responded, and this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's Complaint should be DISMISSED.[2]

### II.  FACTS

Plaintiff was arrested on December 26, 2016.  (Doc. No. 2 at 4.)  According to his Complaint, Defendant Willoughby, Chief of Police of the Clinton Police Department, jumped on

---

[1] This Defendant's name is Randy Murray.  (Doc. No. 11 at 1.)  The Clerk is directed to amend the docket to reflect the correct spelling of his name.
[2] Plaintiff's claims against Defendants John Willoughby and Destin Linkous were previously dismissed without prejudice.  (Doc. Nos. 33, 37.)

top of him after he had already been handcuffed and placed on the ground.  (*Id*.)  Plaintiff says Defendant Willoughby pushed his head into the mud, pushing mud into Plaintiff's left ear canal, and struck him three or four times in the face, breaking two teeth.  (*Id*.)  Plaintiff alleges he requested medical attention for these injuries and was told he would have to wait for the doctor to "come around."  (*Id*.)  He filed his Complaint on January 11, 2017, stating he still had not received any medical or dental treatment and had lost the hearing in his left ear.  (*Id*.)  Plaintiff was released from the detention center two days after his Complaint was filed, on January 13, 2017.  (Doc. No. 40-1 at 2.)

According to Affidavits submitted in support of Defendants' Motion, the detention center's practice is to instruct detainees to put their medical requests in writing and deliver them to a guard.  (Doc. Nos. 40-3 at 2, 40-4 at 2.)  Those requests are then given to a jailer, who transmits them to a nurse practitioner under contract with the detention center to evaluate and provide medical treatment to detainees.  (Doc. No. 40-4 at 2-3.)  The nurse practitioner uses the written medical requests to determine which detainees need to be seen in person and which can be treated without an in-person assessment.  (*Id*. at 3.)  Written medical requests are maintained in a detainee's jail file.  (Doc. No. 40-3 at 2.)  Plaintiff's jail file does not contain any written requests for medical treatment.  (Doc. Nos. 40-1 at 2, 40-2.)

According to Defendant Willoughby's Affidavit, Plaintiff refused medical attention when he was booked into the detention center on December 26, 2016, after he had driven his vehicle through a ditch and into a creek before being arrested.  (Doc. No. 40-5 at 2.)  According to Defendant Sutterfield's Affidavit, Plaintiff asked to be taken to the emergency room on December 28, 2016, two days after he was booked into the detention center, saying there was mud in his ear.  (Doc. No. 40-3 at 3.)  Defendant Sutterfield told him to fill out a written medical request

so that he could see the nurse practitioner when he next came to the detention center.[3] (*Id*.) Plaintiff refused to fill out the written medical request. (*Id*.) Plaintiff's jail file shows he was given ear drops on January 2, 2017. (Doc. No. 40-2 at 10.)

## III.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

---

[3] The nurse practitioner is on call at all times to take calls from detention center staff concerning detainee medical issues. (Doc. No. 40-4 at 2-3.)  He comes to the detention center once weekly to provide medical treatment to detainees. (*Id*. at 3.)

4

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV. ANALYSIS

### A. Official Capacity Claims

Plaintiff has sued Defendants in both their personal and official capacities. (Doc. No. 2 at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Van Buren County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id.* at 691. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Van Buren County that caused or contributed to his alleged injuries. Accordingly, his official capacity claims against Defendants should be dismissed.

### B. Personal Capacity Claims

Defendants contend they are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities. (Doc. No. 39 at 6.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

---

[4] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

6

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[5] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id*. at 104-05. However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id*. at 105.

Defendants contend they were not deliberately indifferent to a serious medical need. (Doc. No. 39 at 6.) The evidence submitted in support of their Motion supports this contention. Plaintiff was offered medical attention when he was booked into the detention center after his arrest on December 26, 2016. (Doc. No. 40-5 at 2.) He refused. (*Id*.) Two days later, he requested medical treatment for his ear but refused to fill out a written medical request. (Doc. No. 40-3 at 3.) According to Defendant Sutterfield's Affidavit, Plaintiff's refusal may have been because he did not want any fees deducted from his commissary account, although he would have been allowed to see the nurse practitioner even if he did not have funds in his account. (*Id*.) Five days after that, Plaintiff was given ear drops, notwithstanding his refusal to fill out a written medical request, and

---

[5] Because Plaintiff was a pretrial detainee at the time of the alleged violations (Doc. No. 2 at 3), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard has been held to apply. *Id*. at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

contrary to his contention he had not received any medical treatment at the time he filed his Complaint.  (Doc. No. 40-2 at 10.)  While the record is generally construed in Plaintiff's favor, the Court is not required to accept his version of the facts if it is so blatantly contradicted by the record that no reasonable jury could believe it.  *See Jones v. McNeese*, 675 F.3d 1158, 1162 (8th Cir. 2012).

Plaintiff seems to suggest Defendants should be held responsible for delaying his access to medical care, saying the denial of emergency treatment caused the loss of hearing in his left ear.  (Doc. No. 2 at 4.)  However, any delay in treatment can be attributed to Plaintiff, as he refused medical attention at book-in and later refused to fill out a written medical request.  Additionally, where an alleged constitutional violation is premised on a delay in providing access to medical care, the plaintiff must show officials ignored an acute or escalating situation involving a serious medical condition.  *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).  Plaintiff has failed to meet this burden.  Even assuming the seriousness of his medical condition, there is no evidence Defendants ignored it.

Accordingly, Plaintiff has failed to show Defendants were deliberately indifferent to his serious medical need.  Because the facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of a constitutional or statutory right, Defendants are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities.

**V.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Clerk amend the docket to reflect the correct spelling of Defendant Randy Murray's name.  (Doc. No. 11 at 1.)

2. Defendants' Motion for Summary Judgment (Doc. No. 38) be GRANTED.

    3.    Plaintiff's claims against Defendants Murray and Sutterfield be DISMISSED with prejudice.

    4.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

    5.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 19th day of October, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE